# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0936V
UNPUBLISHED

| | |
|---|---|
| GRISELDA RUIZ,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2021<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing the Petition; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Harrison Whitten Long, Rawls Law Group (Richmond), Richmond, VA, for petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION[1]

On June 27, 2019, Griselda Ruiz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") which meets the Table definition for SIRVA, was caused-in-fact by, or was significantly aggravated by the influenza vaccine she received on November 20, 2017. Petition at 1.

On February 25, 2021, Petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. ECF No. 28. Petitioner acknowledged in her motion that she "has been unsuccessful in obtaining additional evidence to support her claim, which has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation in the Vaccine Program." *Id.* at ¶ 1. Petitioner indicated that she "understands that a decision by the Chief Special Master dismissing her petition will result in a judgment against her . . . [and] has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* at ¶ 3.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record shows there is not sufficient evidence of an appropriate temporal relationship between vaccination and the onset of Petitioner's shoulder condition.  *See* Order to Show Cause, issued Dec. 14, 2020, ECF No. 26.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate timely onset and an appropriate temporal relationship between Petitioner's condition and the influenza vaccine she received. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.