# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0936V
UNPUBLISHED

|  |  |
|---|---|
| GRISELDA RUIZ,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: November 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Reasonable Basis; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Harrison Whitten Long*, Rawls Law Group (Richmond), Richmond, VA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 27, 2019, Griselda Ruiz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccination administration ("SIRVA") after receiving the influenza ("flu") vaccine on November 20, 2017. Petition at 1.

After determining that Petitioner had failed to provide sufficient evidence to support her claim, I issued an Order on December 14, 2020, for Petitioner to show cause why her claim should not be dismissed. ECF No. 26. On February 25, 2021, Petitioner filed a

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

motion to dismiss his claim, and I granted the motion. ECF Nos. 28-29. The parties filed a joint notice not to seek review, and Judgment entered on February 26, 2021. ECF Nos. 30-31.

On April 27, 2021, Petitioner filed a motion seeking a total of $18,395.06 in attorney's fees and costs. Petition for Reimbursement of Attorneys' Fees and Costs ("Motion"), ECF No. 34. Respondent opposes a fee award, maintaining that Petitioner has failed to establish there was a reasonable basis for her claim. Respondent's Response to Motion ("Opp."), filed May 11, 2021, ECF No. 35. On June 1, 2021, Petitioner responded to Respondent's arguments. Petitioner's Reply to Opp. ("Reply"), ECF No. 37.

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award despite the dismissal of her claim. However, I have reviewed the submitted billing records and find a slight reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

I. **The Parties' Arguments**

Respondent argues that "the instant claim lacks, and never possessed a reasonable basis, since [P]etitioner has not provided evidence to satisfy the objective reasonable basis standard" stated by the Federal Circuit.[3] Opp. at 7. Specifically, he maintains "[P]etitioner's claim lacked evidentiary support for one of the essential elements of her claim, namely onset within forty-eight hours of vaccination." *Id.* at 8.

In response, Petitioner maintains that she had a reasonable basis to bring her claim. Reply at 1, 8. She stresses Congress's intent, that the Program be fair and simple and that petitioners have ready access to competent counsel. *Id.* at 7-8. Citing histories provided in later medical records - when she sought treatment for her shoulder pain and the multiple affidavits she provided, Petitioner asserts sufficient evidence exists to satisfy the lower standard required to establish reasonable basis. *Id.* at 4-5 (including the standard of proof description set forth in *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1346 (Fed. Cir. 2020)). She also references the Federal Circuit's recent statement[4] that "there is no presumption that medical records are accurate and complete as to *all* the patient's physical conditions." Reply at 5 (emphasis in the original).

---

[3] The Federal Circuit has observed that whether a special master may exercise his discretionary authority to award attorney's fees and costs in a case in which compensation has not been awarded involves two separate analyses: a subjective analysis regarding good faith, and an objection analysis regarding reasonable basis. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017).

[4] *Kirby v. Sec'y of Health & Human Servs.,* 997 F.3d 1378 (Fed. Cir. 2021).

## II. Reasonable Basis

### A. Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary award of attorney's fees and costs is appropriate in non-compensated cases involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith, plus an objective one when ascertaining whether reasonable basis existed. *Simmons,* 875 F.3d at 635 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham,* 971 F.3d at 1344. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl.

Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid,* 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* --- Fed. Cl. ---, 2021 WL 4188429, at *5 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. In a prior case, it affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which

4

formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Perreira*, 33 F.3d at 1376.

### B. Existence of Reasonable Basis

I previously determined that the evidence in this case did not support Petitioner's allegation of shoulder pain beginning within 48 hours of vaccination, and that in fact onset likely occurred long after vaccination. Order to Show Cause, issued Dec. 14, 2020, at 3, ECF No. 26. The medical records show that Petitioner, who suffered from osteoporosis and spinal pain, provided varying descriptions for the onset of her shoulder pain, and that ultimately it appeared most likely that onset was not at all close-in-time to vaccination. *E.g.,* Exhibit 4 at 5 (record from a June 1, 2019 visit identifying the duration of shoulder pain from one to six months).

Nevertheless, some evidence places onset closer to the October 9, 2018 flu vaccine Petitioner received. *See,* e.g*.,* Exhibit 4 at 2 (entry from March 29, 2018 indicating her pain began "*shortly after* getting a flu vac"). Thus, although still not sufficient to establish the two-day onset required for a Table SIRVA, this evidence is somewhat supportive of Petitioner's allegations. This is especially so given that the level of proof required to establish reasonable basis is far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation.

I thus find that Petitioner had a reasonable basis to file her petition in this case which continued until she voluntarily dismissed her claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III. Appropriate Amount to be Awarded

### A. Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner

notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees

#### 1.     Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorney Harrison W. Long: $215 per hour for 2019; $235 per hour for 2020; and $278 per hour for 2021. Motion at 3. The rates requested for 2019 and 2020 are consistent with what Mr. Long has been awarded for his work in prior Vaccine Program cases, and I shall therefore apply them herein. However, as I have previously stated, although the proposed rate for Mr. Long's 2021 work falls within the experience range provided in OSM's recently-updated rate chart for similarly-situated attorneys, I find the specifically-requested increase to be excessive.[5] *See Fullerton v. Sec'y of Health & Human Servs.,* at \*2, No. 19-0637V, 2021 WL 3184975 (Fed. Cl. Spec. Mstr. June 21, 2021). Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[6] a rate of **$266 per hour** is more appropriate for Mr. Long's 2021 time. This reduces the amount to be awarded herein by **$99.60**.[7]

Petitioner also seeks attorney's fees for work performed by attorney Glen Sturtevant, and paralegals Emily Brooks and Tracey Copeland. I have previously awarded the hourly rates requested in for these individuals. *See, e.g., Fullerton,* 2021 WL 3184975, at \*2. Thus, all other time billed to the matter shall be awarded.

#### 2.     Hours Billed

I also find the billing records include entries that reflect excessive hours. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* Section 15(e)(1). While Petitioner is entitled to an award of attorney's fees, I find the cumulative time spend on multiple tasks to be excessive.

---

[5] The Attorneys' Fee Schedule for 2021 is available at http://www.uscfc.uscourts.gov/node/2914.

[6] *See McCulloch v. Health and Human Services*, No. 09–0293V, 2015 WL 5634323 at \*17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[7] This amount consists of $278 - $266 = $12 x 8.3 hours = $99.60.

For example, approximately four months after the initial intake, paralegal Emily Brooks spent a total of 16.4 hours compiling a chronology. Exhibit 16 at 1-2, ECF No. 34-1 (billing records: entries from May 29 through June 5, 2019). Given that the case did not involve a substantial amount of medical records – less than 500 pages, and that paralegal Tracey Copeland previously spent 8.0 hours in late January 2019 performing records review and drafting a report, this amount of time appears excessive. *Id.* at 1 (billing records: entry dated January 22, 2019); *see* Exhibits 1-10, ECF No. 7. Additionally, attorneys and paralegals spent a total of 13 hours drafting the slightly more than five-page petition in this case - a task which usually requires a maximum of 8 hours for SPU cases, even when involving multiple individuals. Exhibit 16 at 2 (billing records: entries dated June 12-13, 19-20, 27-29, 2019); Petition, ECF No. 1.

I generally compensate larger amounts of time spent on a case when the attorney of record - who often bills at a higher hourly rate - enlists the aid of others with lower hourly rates. Having multiple individuals working on the same case will, undoubtedly, require coordination and involve some overlap of the work performed. Still, this practice usually results in a lower overall attorney's fees award, and thus, promotes an efficient use of Program funds.

In this case, there are instances which reflect excessive billing, but counsel did not spend a significantly high number of hours on the matter. Additionally, the time billed for work performed by the most senior attorney - with the highest hourly rate - was low. *See* Exhibit 16 at 3-4, 12-13 (billing records: entries for hours expended by Glen Sturtevant). Therefore, I will reduce the overall hours billed by a smaller amount than my usual reduction - only 2 percent, to account for the excessive hours seen in the billing records, resulting in a further reduction of **$341.26**.[8] The total reduction applied to the amount Petitioner seeks for fees is **$440.86**.[9]

### C. Attorney Costs[10]

Initially, Petitioner provided all needed receipts except for the receipt from the May 30, 2019 payment of $129.99 to Record Grabber invoice. Exhibit 16 at 7 (list of 2019 expenses); Exhibit 17, ECF No. 34-2 (receipts). After being contacted by the OSM staff attorney in this case, Petitioner provided the receipt on November 15, 2021. Exhibit 20, ECF No. 38-1; *see* Informal Remark, dated Nov. 12, 2021. However, the amount shown

---

[8] This amount consists of $17,062.94 x 0.02 = $341.26.

[9] This amount consists of the $99.60 + $341.26 = $440.86.

[10] Petitioner has filed a signed General Order No. 9 statement indicating she incurred no out-of-pocket litigation costs. Exhibit 18, ECF No. 34-3.

7

on the receipt is $129.09, $0.90 less than the amount claimed. Thus, the costs sought by Petitioner is reduced by **$0.90**.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). However, reductions of $440.86 in attorney's fees and $0.90 in attorney's costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$17,953.30** (representing $16,721.68 in fees and $1,231.62 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.